**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X        Chapter 13
**IN RE:**
**Andrew Panaro**                                                          Case No.: 17-72929(AST)
          **Debtor(s)**                                               **CHAPTER 13 PLAN**
                                                                                  **FIRST AMENDED**
-------------------------------------------------------X

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of **60** months, the sum of:

    $ **309.83** commencing **June 12, 20117** through and including **May 12, 2022** for a period of **60** months;

2. From the payments so received, the trustee shall make disbursements as follows:
    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
    (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

Seterus (mortgage holder) to be paid pre-petition arrears in the sum of $00.00 plus 0.00% interest over the life of the plan. Parties engaged in pre-petition loss mitigation and have achieved a trial loan modification which the parties anticipate will be permanent subject to approval of the United States Bankruptcy Court. Debtor reserves all rights to object to any proof of claim alleging arrears by Seterus or its successor.

    (c) Subsequent and/ or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim of not less than 100%(percent).**

3. The Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle, payments, real estate taxes and income taxes, outside the plan. Effective June 2017, the Debtor shall pay post-petition mortgage payments to the Chapter 13 Trustee, Mariane DeRosa.

### Loss Mitigation/Loan Modification

4. The mortgage due to _____ (mortgage lien holder) on the property known as _____ (property address) under account number _____ is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including, all past due payments, late charges, legal fees, escrow deficiency, etc. and totals $_____ to be paid at 2% interest amortized over forty (40) years will amount to a payment of $_____ including, interest ($_____), and escrow $(_____). The estimated monthly payment of $_____ shall be paid directly to the Chapter 13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.

5. All lease agreements are hereby assumed, unless specifically rejected as follows: _____NONE_____
_____.

6. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%),</u> the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

7. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

8. VARYING PROVISION: NONE


/s/Andrew Panaro
Debtor



  /s/ Linda M Tirelli
Attorney for Debtor
Linda M Tirelli, Esq.


Dated:      August 21, 2017